# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

QUINNTINA L. FRANKLIN,

    Plaintiff,

vs.                                  Case No. 4:09cv407-SPM/WCS

MARY ARDLEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed an amended complaint on February 9, 2010. Doc. 11. Plaintiff's amended complaint has now been reviewed, but Plaintiff has not corrected the deficiencies as identified in my prior order, doc. 10, nor does it appear that Plaintiff's allegations can be saved by further amendment.

Plaintiff is seeking relief from events in 1984 when Plaintiff was allegedly the victim of horrible sexual abuse. Doc. 1. While the allegations, if true, give rise to sympathy, this court is a federal court, not a state court. All of the persons listed as Defendants in this case are family members and other persons known to Plaintiff, but none of those Defendants may be sued under 42 U.S.C. § 1983 because they are not "state actors." "To state a claim under § 1983, a plaintiff must allege facts showing that

the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), *cert. denied*, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983).  In other words, Plaintiff must allege that a Defendant "deprived [her] of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  In this case, none of the Defendants were acting under the color of law and not appropriate Defendants in a civil rights action brought under § 1983.  Therefore, this case cannot proceed and must be dismissed for failing to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on February 17, 2010.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:09cv407-SPM/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**